632 F.2d 62
 1980-81 Trade Cases 63,582
 Jon E. KINZENBAW, an individual and Kinze Manufacturing,
Inc., an Iowa Corporation, Appellants,
v.
DEERE AND COMPANY, a Delaware Corporation and Strohman's,
Inc., an Iowa Corporation, Appellees.
 No. 80-1132.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 11, 1980.
Decided Oct. 14, 1980.
 
 William R. Carney, Chicago, Ill., for appellees, Deere & Co.
 James J. Hill, Emrich, Root, Lee, Brown & Hill, Chicago, Ill., for appellants.
 Before ROSS and STEPHENSON, Circuit Judges, and MURPHY,* District Judge.
 ROSS, Circuit Judge.
 
 
 1
 Jon E. Kinzenbaw and Kinze Manufacturing, Inc. (hereinafter, Kinze or appellant) appeal from an order of the district court[1] denying their motions to vacate a dismissal entered by stipulation pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and to enforce the underlying settlement agreement by means of a preliminary injunction. We remand the case to the district court with directions to dismiss it, without prejudice, as being moot.
 
 
 2
 On April 15, 1977, Kinze filed an antitrust suit against Deere and Company (Deere), a manufacturer of agricultural machinery, and Strohman's, Inc. (Strohman's), an independent Deere dealer located in Iowa, alleging a conspiracy in violation of section 1 of the Sherman Act, 15 U.S.C. § 1, and a tying arrangement in violation of section 3 of the Clayton Act, 15 U.S.C. § 14, in the distribution and sale of Deere planter row units. Specifically, Kinze complained of an illegal tie-in in which Deere allocated and sold to its dealers patented row units only in combination with its own unpatented nonfolding tool bars.
 
 
 3
 A planter row unit is a portable implement designed for depositing seed beneath the soil. It is transported by a tool bar connected to a tractor. Deere manufactures planter row units and a tool bar which requires the use of an additional component, an "implement trailer," for transporting wide tool bars to various work sites.
 
 
 4
 In 1975, Kinze invented a tool bar with a folding frame which, when equipped with planter row units, could be operated as a self-contained planter, thereby obviating the need for an implement trailer. At that time, Kinze alleged that Deere instituted a policy implemented by dealers such as Strohman's, of refusing to sell Deere planter units apart from its tool bars. By that policy, Deere allegedly prevented consumers from purchasing Deere planter units for use with Kinze tool bars.
 
 
 5
 On May 9, 1977, Deere filed an answer denying Kinze's allegations and on June 30, 1977, the parties reached a settlement agreement. Although the settlement agreement contemplated that "(t)he parties (would) enter into a stipulation for dismissal of the lawsuit with prejudice * * * and exercise their respective best efforts to have an order entered in accordance therewith * * *," no court order was ever entered with respect to the dismissal, nor was the settlement agreement ever presented to the court or filed with the Clerk.
 
 
 6
 The original action was dismissed on July 1, 1977, with prejudice by stipulation in accordance with Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. The provisions of the settlement agreement pertinent to our discussion provided:
 
 
 7
 Beginning with orders for delivery in the second quarter of fiscal year 1978, namely, February, March and April 1978, Deere will make distribution of planters and planting units by row units, and dealers may place orders against such distribution for unassociated row units or planters, and this will be the system for distribution of Max-Emerge, Tru-Vee planters and planting units as long as the Company is on distribution for such equipment and items. As used herein, the term distribution means the method by which Deere distributes its products when requirements exceed production.
 
 
 8
 Deere will inform its dealers of the new distribution system in such a way that it will be clear that dealers may order unassociated row units against distribution. Plaintiffs shall have the right to review the bulletin containing such information before it is circulated and to make suggestions. Deere will have the final decision in determining its content.
 
 
 9
 Kinze thereafter purchased planter row units from Deere dealers on a regular basis until February of 1979. At that time Kinze was informed that the distribution of unassociated planter units had been fully allocated through October 1979 so that the units desired by Kinze were unavailable. Believing that Deere reduced its production of row units so as to reestablish the allegedly illegal tie-in between the sale of Deere tool bars and planter units, thereby excluding Kinze from the 1980 market, Kinze made a Rule 60(b)(6) motion to set aside the Rule 41(a)(1) dismissal and further moved to enforce the settlement agreement with a preliminary injunction.
 
 
 10
 The district court denied Kinze's Rule 60(b)(6) motion to set aside the dismissal and the motion for preliminary injunction, holding that it had no jurisdiction over the cause of action. Under Rule 41(a)(1),[2] a voluntary dismissal may be effected without a court order:
 
 
 11
 (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.
 
 
 12
 Rule 60(b)(6)[3] of the Federal Rules of Civil Procedure provides relief from a final "judgment, order, or proceeding" for "any other reason justifying relief from the operation of the judgment." The district court reasoned that in the absence of judicial intervention, the stipulated dismissal could not be considered a "judgment, order, or proceeding." It therefore concluded that Kinze was precluded from obtaining the requested relief under Rule 60(b)(6).
 
 
 13
 On February 14, 1980, while the Rule 60(b)(6) motion of December 19, 1979, which is the subject of this appeal was before the district court, Kinze filed a separate complaint in the district court. Pertinent to our discussion in the instant case is Count III of this new complaint, which requests an award of damages in the amount of $5,440,000 for breach of the settlement agreement. Alternatively, Count III requests that the action be consolidated with this case in the event that the pending Rule 60(b)(6) motion is granted.
 
 
 14
 The Rule 60(b)(6) motion asked that the district court set aside the stipulated dismissal for the purpose of enforcing the settlement agreement. The accompanying memorandum, for all practical purposes relevant to this appeal, sets forth the same facts in addressing the alleged breach of the settlement agreement as were subsequently raised in the complaint filed in February 1980. Counts I and II of the 1980 complaint request specific performance in the nature of an injunction as well as damages for antitrust violations occurring since the time of the settlement agreement. Those counts restate the allegations before us that Deere deliberately propagated a shortage of planter row units so as to manipulate the market for these agricultural implements and to reestablish the alleged illegal tie-in of its products, thereby violating the conspiracy and antitrust provisions complained of in the original antitrust suit.[4]
 
 
 15
 Deere moved to dismiss the complaint of February 1980, alleging that Kinze was precluded from raising Counts I, II and III because they involved the same subject matter as the complaint in the 1977 antitrust action and the December 19, 1979 motion to set aside the stipulated dismissal of the antitrust action. On April 29, 1980, the district court denied Deere's motion to dismiss Counts I, II and III of the 1980 complaint, noting that while the 1977 antitrust action addressed Deere's allegedly illegal behavior occurring before the complaint was filed and continuing up to June 30, 1977, when the settlement agreement was reached, the subject matter of Counts I, II and III "is limited to acts of defendant since June 30, 1977, which in themselves allegedly constitute antitrust violations. Those acts were not the subject matter of the 1977 action; they are the proper bases of a separate, new action." Kinzenbaw, et al. v. Deere and Co., No. C 80-20, Order at 3 (N.D. Iowa filed April 29, 1980).
 
 
 16
 The factor distinguishing the Rule 60(b)(6) motion from the complaint of February 1980, is that the Rule 60(b)(6) motion sought to vacate the dismissal and thereby reopen the antitrust litigation commenced in 1977. The 1980 complaint seeks damages for an alleged breach of the settlement agreement entered into in accordance with the stipulated dismissal of the antitrust action. Again, those acts occurred subsequent to the 1977 settlement agreement. Accordingly, the district court decided that Kinze was not "precluded from alleging (Counts I, II and III) as a result of the court's January 29, 1980 ruling that it had no jurisdiction to set aside the stipulated dismissal. A judgment of dismissal for want of jurisdiction is not an adjudication on the merits and does not bar a future action in which jurisdiction is properly invoked." Id.
 
 
 17
 Although the district court, in ruling on the Rule 60(b)(6) motion, concluded that Strohman's, an original defendant to the antitrust suit and a party to the settlement agreement, was an indispensable party to any contract action, in denying Deere's motion to dismiss the February 1980 complaint, the district court did not require the joinder of that party. Strohman's was not joined in the 1980 suit because Kinze claimed that Deere alone, and not Strohman's, had breached the settlement agreement. Although we find the district court's refusal to assume jurisdiction under the Rule 60(b)(6) motion on the basis that Strohman's "is an indispensable party to any contract action," Kinzenbaw, et al. v. Deere and Co., et al., No. C 77-25, Order at 5 (N.D.Iowa filed January 28, 1980) (emphasis added), somewhat inconsistent with the court's ruling on April 29, 1980, we agree with the court's assumption of jurisdiction in the February 1980 complaint.
 
 
 18
 Since the district court has already overruled the motion to dismiss in the 1980 case, including Count III relating to the alleged breach of the settlement agreement, it would serve no useful purpose to bifurcate these causes of action by ordering the reinstatement of the original case. Everything that could be decided with respect to the alleged breach of the settlement agreement by reviving the original case can be decided in a more efficacious manner through the trial court's disposition of all of the issues in the 1980 case.
 
 
 19
 We therefore believe that at this juncture, this particular appeal is moot and we direct the dismissal of this case by the district court without prejudice to the plaintiffs to reinstate their motion under Rule 60(b)(6) in the event that the merits are not reached in the action brought in February 1980. We specifically decline to decide in this particular case whether or not the district court has jurisdiction to reopen the 1977 antitrust suit.
 
 
 20
 This case is remanded to the district court with directions to dismiss it, without prejudice, as being moot.
 
 
 
 *
 The Honorable DIANA E. MURPHY, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Edward J. McManus, Chief Judge of the United States District Court for the Northern District of Iowa, presiding
 
 
 [2]
 Rule 41(a)(1) of the Federal Rules of Civil Procedure provides in its entirety:
 Rule 41. Dismissal of Actions
 (a) Voluntary Dismissal: Effect Thereof.
 (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
 
 
 [3]
 Rule 60(b) of the Federal Rules of Civil Procedure provides:
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.
 
 
 [4]
 Another count challenges the validity of two patents issued to Deere