**Stephen NOLAND, Plaintiff,**

v.

**FLOHR METAL FABRICATORS, INC., a foreign corporation, and Pacific Mist, Inc., a foreign corporation, Defendants.**

**No. A83–191 Civ.**

United States District Court, D. Alaska.

Dec. 14, 1984.

George F. Vogt, Kodiak, Alaska, for plaintiff.

James B. Friderici, of Delaney, Wiles, Hayes, Reitman & Brubaker, Inc., Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

FITZGERALD, Chief Judge.

Background:

This is a personal injury products liability action. The facts outlined below are drawn from the pleadings.

Plaintiff Noland was injured on May 3, 1981 on board a vessel. He sued his employer in a prior case in this court. *Noland v. Oceanic Seafoods, Inc.*, No. A81–473 (D. Alaska filed 1981). That action was settled in 1982. Under the settlement, Noland was required to institute a suit against Flohr Metal Fabricators which had installed allegedly defective equipment on the vessel.

Noland filed the present case on April 7, 1983. He originally named two defendants—Flohr, and Pacific Mist, Inc., the alleged owner of the vessel. Pacific Mist was apparently included under the prior settlement, and was inadvertently named as a defendant in this case. Therefore, plaintiff undertook to dismiss the action as to defendant Pacific Mist, and, on May 9, 1983, filed a Notice of Dismissal by Plaintiff Before Answer under Fed.R.Civ.P. 41(a)(1). However, the Notice of Dismissal did not expressly recite that only defendant Pacific Mist was dismissed; the Notice, in its entirety, read: "PLEASE TAKE NOTICE that the above-entitled action is hereby dismissed pursuant to Civil Rule 41(a)(1)."

Plaintiff's attorney soon realized his mistake and, on August 18, 1983, filed an Amended Notice of Dismissal by Plaintiff Before Answer. This Amended Notice announced that dismissal was only as to Pacific Mist.

On September 14, 1983, this court issued an Order to Show Cause why the court should not proceed under the August 18 Amended Notice of Dismissal. Neither party responded to the Order within the 15 days provided.

During the next ten months, the suit apparently progressed between the parties, although nothing was filed with the court. Interrogatories were submitted and answered, requests for production were presented, and the defendant noticed the plaintiff for his deposition.

Then, on July 26, 1984, this court issued a Minute Order dismissing the action. This Minute Order stated in full: "Pursuant to minute order dated September 14, 1984 [sic], plaintiff's notice of dismissal before answer applies to all defendants. Therefore, this action is DISMISSED." About one month later, on August 21, 1984, this court issued another Minute Order, vacating the July 26, 1984 Minute Order, and stating that dismissal was only as to defendant Pacific Mist.

On August 31, 1984, defendant Flohr filed a Motion to Reconsider the court's August 21 Minute Order, claiming that the July 26 dismissal was correct. Opposition and reply memoranda were filed, and oral argument was heard on October 19, 1984. The parties have since filed supplemental memoranda. Defendant Flohr's Motion for Reconsideration is now ripe for decision.

*Issues*

The following are the questions that must be answered to resolve this dispute:

(1) Did the filing of plaintiff's original Notice of Dismissal on May 9, 1983 automatically dismiss the suit?

(2) If so, is a Rule 60(b) Motion for Relief from Judgment a permissible method to seek reopening of the case?

(3) If so, did plaintiff's Amended Notice of Dismissal, filed August 18, 1983, meet the requisites to constitute a Rule 60(b) Motion?

(4) If so, did the plaintiff state sufficient justification so that the court should exercise its discretion and grant relief from the dismissal?

These four questions will be analyzed in turn.

*Analysis*

■ (1) Under Fed.R.Civ.P. 41(a)(1), the plaintiff in an action may voluntarily dismiss the suit, without order of the court, by filing a notice of dismissal before the defendant answers. The dismissal is without prejudice. The notice of dismissal itself is the operative document. As the Fifth Circuit stated:

That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file.

*American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963).

■ A voluntary dismissal without prejudice leaves the situation as if the suit had never been instituted. *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959). After the dismissal, there is no longer a pending action, and therefore no further proceedings are proper. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2367, at 186 (1971).

■ Given this construction of Rule 41(a)(1), plaintiff Noland's original Notice of Dismissal did, by itself, operate to dismiss the suit as to both defendant Pacific Mist and defendant Flohr. Because the suit was then no longer pending, Noland's filing of an Amended Notice of Dismissal was ineffective to undo the original Notice.

■ (2) Fed.R.Civ.P. 60(b) permits a party to move for relief from "a final judgment, order, or proceeding." Initially, it must be determined whether a voluntary dismissal before answer under Rule 41(a)(1) constitutes a "judgment, order, or proceeding." I have found only a few cases discussing this threshold question. In *Williams v. Frey*, 551 F.2d 932 (3d Cir.1977), the parties had entered into a judicially approved "Stipulation" which settled the suit and provided that the action was dismissed pursuant to Rule 41(a)(1). When

faced with a petition to modify the Stipulation, the trial court was "concerned that there was nothing left of the original lawsuit to modify, since the suit had been dismissed." *Id.* at 933. On appeal, the Third Circuit concluded that the trial court had the power to consider the petition to modify the dismissal agreement. *Id.* at 933–34. The court reasoned that the dismissal was a "proceeding," and thus the petition fell within a Rule 60(b) motion for relief from a "judgment, order, or proceeding."

In another case, the trial court similarly concluded it had no jurisdiction to consider a Rule 60(b) motion to set aside a Rule 41(a)(1) voluntary dismissal with prejudice by stipulation. *Kinzenbaw v. Deere and Co.,* 632 F.2d 62 (8th Cir.1980). The trial court had reasoned that "in the absence of judicial intervention, the stipulated dismissal could not be considered a 'judgment, order, or proceeding.' " *Id.* at 64. Because the appellate court disposed of the case on other grounds, it "specifically decline[d] to decide ... whether or not the district court has jurisdiction to reopen [the case]." *Id.* at 66.

These are the only cases I have found which address the issue of the appropriateness of seeking relief under Rule 60(b). However, other courts have proceeded to evaluate the merits of a Rule 60(b) motion under these circumstances without ever addressing the jurisdiction question. *See, e.g., Boehm v. Office of Alien Property,* 344 F.2d 194 (D.C.Cir.1965); *Benton v. Vinson, Elkins, Weems and Searls,* 255 F.2d 299 (2d Cir.), *cert. denied,* 358 U.S. 885, 79 S.Ct. 123, 3 L.Ed.2d 113 (1958). In these cases, the courts impliedly concluded that a Rule 60(b) motion was the correct method by which to seek relief from a Rule 41(a) voluntary dismissal.

Given no controlling precedent in this circuit, I agree with the cases discussed above which allow the filing of a Rule 60(b) motion. Despite the lack of court intervention in a Rule 41(a)(1) voluntary dismissal before answer, I conclude that such a dismissal can be considered a "proceeding" thus allowing relief via Rule 60(b).

■ (3) Given this conclusion that plaintiff Noland could have filed a Rule 60(b) motion when he realized he had inadvertently dismissed both defendants, the next question is whether he did so. This involves examining his Amended Notice of Dismissal to see if it satisfies the requirements of a Rule 60(b) motion.

The Amended Notice of Dismissal by Plaintiff Before Answer stated in its entirety:

> WHEREAS the Plaintiff herein filed a Notice of Dismissal by Plaintiff Before Answer on the 30th Day of April, 1983, and;
>
> WHEREAS said Notice of Dismissal by error did not limit itself to Pacific Mist, Incorporated, only;
>
> THEREFORE, the following amended Notice is submitted:
>
> PLEASE TAKE NOTICE that the above-entitled action is dismissed as to Pacific Mist, Incorporated, only, pursuant to Civil Rule 41(a)(1).

No supporting memoranda or affidavits were filed with the Amended Notice.

Rule 60(b) provides for filing a motion, and this is the usual method for seeking relief. 11 C. Wright & A. Miller, *supra,* § 2865 (1973). Means other than a motion may be sufficient however. *Id.* Moore states that "since nomenclature is unimportant, moving papers that are mislabeled in other ways may be treated as motions under Rule 60(b) when relief would be proper under that rule." 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.18[8], at 60–139 (2d ed. 1983). Where the adverse party is not prejudiced, the initiating paper may be treated as a Rule 60(b) motion. *Id.* ¶ 60.28[3], at 60–320.

Fed.R.Civ.P. 7(b) provides that a motion "shall state with particularity the grounds therefor." One district court strictly interpreted this requirement, and denied the Rule 60(b) motion for lack of documentation in the moving papers. *United States v. $3,216.59,* 41 F.R.D. 433 (D.S.C.1967). However, Wright and Miller have observed:

In spite of the implications of some of the cases, in practice the 'particularity' requirement in Rule 7(b)(1) frequently is ignored by the federal courts. Many district judges tend to focus on whether any party has been prejudiced by the movant's lack of particularity and whether the court can comprehend the basis of the motion and deal fairly with it; as a result, the courts generally avoid engaging in an overly technical evaluation of the papers on which the motion is based and grant or deny relief on the basis of the underlying merits of the petition. 5 C. Wright & A. Miller, *supra*, § 1192, at 36–37 (1969).

Based on these authorities, plaintiff Noland's Amended Notice suffices as a Rule 60(b) motion. Although brief, the Amended Notice identified the error in the original Notice of Dismissal, and clarified that the action was dismissed only as to defendant Pacific Mist. Defendant Flohr claims that it was not served with the original Notice of Dismissal, and that therefore when it was served with the Amended Notice, it did "not know what was the error referred to." Defendant Flohr's Memorandum in Support of Motion for Reconsideration at 9 (filed Aug. 31, 1984); Defendant Flohr's Reply to Plaintiff's opposition to Motion to Reconsider at 4 (filed Sept. 18, 1984). This argument is not convincing. The Amended Notice adequately explained the prior error and the correction sought.

Furthermore, when it received the Amended Notice, Flohr apparently did not make any attempt to obtain a copy of the original Notice or to inquire as to the status of the action. And when the court issued an Order to Show Cause why the court should not proceed under the Amended Notice, Flohr still did nothing. In fact, over the next ten months, Flohr participated in discovery in the case.

Therefore, I conclude that plaintiff Noland's Amended Notice of Dismissal should be considered as a valid Rule 60(b) motion for relief from judgment.

■ (4) The final question, then, is whether I should exercise my discretion under Rule 60(b) and vacate the original Notice of Dismissal. The purpose of the rule is to strike a proper balance between the conflicting principles of finality and relief from unjust judgments. 11 C. Wright & A. Miller, *supra*, § 2851; 7 J. Moore & J. Lucas, *supra*, ¶ 60.18[8]. In general, the rule should be liberally construed. *Id.; Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir.1974).

In this case, relief is sought under subsection (b)(1) of Rule 60 relating to "mistake, inadvertence, surprise, or excusable neglect." A motion under Rule 60(b)(1) must be filed within one year of the "judgment, order, or proceeding." Considering the Amended Notice as the Rule 60(b) motion satisfies this time requirement because it was filed about three months after the original Notice of Dismissal.

■ Relief under Rule 60(b)(1) is not generally appropriate where a party is careless, or takes deliberate action with negative or unfortunate consequences. *See* 11 C. Wright & A. Miller, *supra*, § 2858, at 170; 7 J. Moore & J. Lucas, *supra*, ¶ 60.22[2], at 60–182; and cases cited therein. However, it is also accepted that " 'excusable neglect' is liberally construed, especially in those instances where the order or judgment forecloses trial on the merits of a claim." *In re Magouirk*, 693 F.2d 948, 951 (9th Cir.1982). Because courts favor resolving cases on their merits, when relief is sought from a default judgment, doubt, if any, should be resolved in favor of the movant. 7 J. Moore & J. Lucas, *supra*, ¶ 60.19, at 60–156.

In this case, there has not yet been any decision on the merits. When plaintiff's attorney realized his error, he acted promptly to correct it. Defendant Flohr has not claimed that it relied on the original Notice of Dismissal, or that it will be prejudiced if the case is permitted to continue.

There is an additional factor which supports the granting of relief in this case. One month after plaintiff filed his Amended Notice, the court issued an Order to Show Cause why the court should not proceed under the Amended Notice. The court gave the parties 15 days to respond

to the Order. Neither party responded. Plaintiff claims that it relied on the court's Order, and therefore did not file further papers on the matter. *See* Plaintiff's Supplemental Memorandum in Opposition to Motion for Reconsideration at 8 (filed Nov. 5, 1984). The fact that neither party responded to the court's Order to Show Cause supports the conclusion that both parties were willing to proceed under the Amended Notice. And the parties did so for the next ten months, conducting discovery in the case. The issue did not surface again until the court, on July 26, 1984, issued a Minute Order dismissing the case.

*Conclusion*

Based on the foregoing analysis, I conclude that I should exercise my discretion under Rule 60(b) to grant relief from the original Notice of Dismissal. Construing plaintiff Noland's Amended Notice of Dismissal by Plaintiff Before Answer as a Rule 60(b) motion for relief from the original Notice of Dismissal, relief is hereby granted from the original Notice of Dismissal. Plaintiff's Amended Notice is effective to dismiss the action as to defendant Pacific Mist, Inc. only.

Defendant Flohr Metal Fabricators' Motion to Reconsider is accordingly DENIED.

IT IS SO ORDERED.