BRANDON A. CARTER, BY AND THROUGH HIS GUARDIAN AD LITEM, ALVIN CARTER, PLAINTIFF v. JOHN WILLIAM CLOWERS AND JOSEPH ALEXANDER DEENEY, DEFENDANTS

No. 9010SC698

(Filed 19 March 1991)

1. **Rules of Civil Procedure § 15 (NCI3d)— notice of voluntary dismissal—no amendment allowed**

An N.C.G.S. § 1A-1, Rule 41(a)(1) notice of voluntary dismissal is not like a pleading, which can be amended by Rule 15(a); rather, it is more like a judgment which, after it is entered, terminates the trial court's power to allow amendments.

**Am Jur 2d, Motions, Rules, and Orders § 19.**

**2. Rules of Civil Procedure § 60 (NCI3d) — voluntary dismissal — one defendant accidentally dismissed — relief under Rule 60 proper**

Where plaintiff voluntarily dismissed his action against both defendants with prejudice, intended to dismiss with prejudice against only one defendant, and then attempted to amend the notice of dismissal by filing a motion pursuant to N.C.G.S. § 1A-1, Rule 15(a), the Court of Appeals treated the motion to amend as a Rule 60(b) motion for relief and granted plaintiff the relief he sought from the original dismissal, since the motion to amend the dismissal met the requirement of a Rule 60(b) motion in that it identified the date of the original motion, the error which occurred in the original, and the clarification sought; the trial court found that the dismissal with prejudice as to one defendant was an inadvertent mistake made by plaintiff's counsel; the court concluded the error was due to excusable neglect; the dismissal was not entered with the consent of the minor plaintiff nor was it based on any agreement between the parties; there was thus no evidence of prejudice to the dismissed defendant; and the motion to amend was filed about three months after the original notice of dismissal, thus satisfying the one-year time limit of Rule 60(b).

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 84.**

APPEAL by defendants from order entered 30 March 1990 by *Judge George R. Greene* in WAKE County Superior Court. Heard in the Court of Appeals 15 January 1991.

Guardian Ad Litem for plaintiff filed this action on 9 November 1988 seeking damages for personal injuries. Defendant Clowers filed an answer, moving to dismiss plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990), and defendant Deeney filed a motion to dismiss pursuant to G.S. § 1A-1, Rule 12(b) for insufficient process, insufficient service of process, and lack of personal jurisdiction. The court allowed defendants' motions on 28 September 1989.

Plaintiff filed a motion to amend, requesting that the court reconsider the dismissal of Clowers from the action pursuant to G.S. § 1A-1, Rule 59(e). The motion was denied, prompting plaintiff to appeal the order dismissing both defendants. Then on 1 November 1989, plaintiff filed a "Notice of Dismissal of Appeal and Complaint"

pursuant to G.S. § 1A-1, Rule 41(a). This document dismissed the appeal and the complaint as to both defendants *with prejudice*. Three months later, however, plaintiff filed a "Motion to Amend Notice of Voluntary Dismissal," pursuant to G.S. § 1A-1, Rule 15, seeking to amend the notice of dismissal. In his motion to amend, plaintiff stated that he had erred in dismissing the action against Deeney and that only Clowers should have been dismissed with prejudice.

On 30 March 1990, the trial court granted plaintiff's motion, ordering that the notice of dismissal be amended to read "as to Defendant Deeney, without prejudice." On 24 April 1990, defendants appealed from the order granting plaintiff's motion to amend.

According to the briefs and records, the facts in this case are as follows: On 23 September 1987, Deeney borrowed a van owned by Clowers. Deeney returned the vehicle later that day by parking it in Clowers' driveway. Sometime later, the unoccupied vehicle rolled backward from its parked position, allegedly striking the minor plaintiff, a four-year-old child, who was playing in the front yard of his home at the time. Plaintiff suffered multiple burns and abrasions about the face, abdomen and extremities and a laceration of the scalp. Some permanent scarring resulted.

In his order granting plaintiff's motion to amend the Rule 41(a) notice of dismissal, the trial judge made the following pertinent findings of fact and conclusions of law:

FINDINGS OF FACT

8. Counsel for the Plaintiff admits that the dismissal with prejudice as to Defendant Deeney was an error and should have been without prejudice.

9. The prejudicial dismissal of Defendant Deeney was not contemplated by the Defendants and was a surprise to them.

10. The parties had never agreed to dismiss Defendant Deeney with prejudice.

11. The action of counsel for the Plaintiff in dismissing Defendant Deeney with prejudice was done by mistake and without the consent of the minor Plaintiff.

CONCLUSIONS OF LAW

1. The Defendant Deeney had not been properly served with process in this proceeding and, accordingly, the Court had no personal jurisdiction over him.

2. The Notice of Dismissal with prejudice has no effect on a claim against Defendant Deeney because the Court had no personal jurisdiction over him when the dismissal was entered.

. . .

3. The Voluntary Dismissal with Prejudice as to Defendant Deeney was entered by mistake and inadvertence by counsel for the Plaintiff, not pursuant to any agreement between the parties, or with the consent of the Plaintiff.

4. The action of counsel for the Plaintiff in dismissing the action against Defendant Deeney with prejudice was excusable neglect.

5. The Defendant Deeney has not been prejudiced in any way by virtue of the dismissal with prejudice.

*Kirby, Wallace, Creech, Sarda, Zaytoun & Cashwell, by Peter J. Sarda and Richard P. Nordan, for plaintiff appellee.*

*Bailey & Dixon, by Gary S. Parsons and Mary Elizabeth Clarke, for defendant appellants.*

ARNOLD, Judge.

Defendants' sole assignment of error is whether the court erred in granting plaintiff's motion to amend his notice of voluntary dismissal with prejudice.

Initially, we question the trial court's reasoning for allowing the motion to amend the Rule 41(a) dismissal. The second Finding of Fact reads, "The Notice of Dismissal with prejudice has no effect on a claim against Defendant Deeney because the Court had no personal jurisdiction over him when the dismissal was entered." If the trial court did not have jurisdiction over defendant when the dismissal was filed, what is the basis for the court's jurisdiction to amend that notice now? Moreover, a voluntary dismissal is effective whether or not a court has jurisdiction. A plaintiff is free to abandon an alleged or potential claim against another party at any time. *Clement v. Clement,* 230 N.C. 636,

55 S.E.2d 459 (1949). Moreover, a Rule 41(a)(1) notice of dismissal is an action taken by the plaintiff ending the suit, and *no action of the court* is necessary to give the notice its full effect. *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

[1] Furthermore, we doubt that a Rule 15(a) motion is the proper procedural tool for correcting an error that appears in a notice of dismissal. G.S. § 1A-1, Rule 15(a) provides that after defendant has served a responsive pleading, plaintiff "may amend his pleading only by leave of court or by written consent of the adverse party." While the terms of the rule require that "leave shall be freely given when justice so requires," the rule necessarily presumes that some cause of action must be pending in order for the court to have jurisdiction to exercise its discretion. G.S. § 1A-1, Rule 15(a). We note further that Rule 15(a) allows amendments to "pleadings." Accordingly, the question is whether a notice to dismiss is like a pleading, which can be amended by Rule 15(a), or whether it is more like a judgment, which after it is entered terminates the court's power to allow amendments.

Under G.S. § 1A-1, Rule 41(a)(1), plaintiff may voluntarily dismiss his suit, without order of the court, by filing a notice of dismissal at any time before resting his case. The rule provides that dismissal is without prejudice, unless otherwise stated, allowing plaintiff to commence a new action based on the same claim within one year. G.S. § 1A-1, Rule 41(a)(1). A dismissal taken with prejudice, however, "indicates a disposition on the merits, [and] is said to preclude subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication." *Johnson v. Bollinger*, 86 N.C. App. 1, 8, 356 S.E.2d 378, 383 (1987) (quoting *Barnes v. McGee*, 21 N.C. App. 287, 289, 204 S.E.2d 203, 205 (1974)).

For the purposes of this case, federal Rule 41(a)(1) is the same as our state law. As one federal court has noted, "[A] notice of dismissal itself is the operative document." *Noland v. Flohr Metal Fabricators, Inc.*, 104 F.R.D. 83, 85 (1984). In a frequently cited case concerning the effect of a notice of dismissal, the Fifth Circuit Court of Appeals stated:

> That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed

> by adversary or court. There is not even a perfunctory order of court closing the file.

*American Cyanamid*, at 297 (5th Cir. 1963). It also is logical to assume that neither can a *plaintiff* revive an action he or she voluntarily dismissed. "After the dismissal, there is no longer a pending action, and therefore no further proceedings are proper." *Noland*, at 85 (citing 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2367, at 186 (1971)).

While no North Carolina cases specifically address whether a court has jurisdiction to allow a Rule 15(a) motion to amend a Rule 41(a)(1) notice of dismissal, this Court has on several occasions disallowed motions to amend pleadings after *final judgment* was entered. *See Harris v. Family Medical Center*, 38 N.C. App. 716, 248 S.E.2d 768 (1978) (plaintiff's right to amend lost if trial court grants defendant's motion for judgment on the pleadings); *Johnson v. Bollinger*, 86 N.C. App. 1, 356 S.E.2d 378 (1987) (once a Rule 12(b)(6) motion is 'granted, the trial court is "no longer empowered to grant plaintiff leave to amend under Rule 15(a) . . . ." *Id.* at 7, 356 S.E.2d at 382); *Sentry Enterprises, Inc. v. Canal Wood Corp. of Lumberton*, 94 N.C. App. 293, 380 S.E.2d 152 (1989) (plaintiff may not amend his pleadings after entry of summary judgment, even if the grant to amend is made on the court's own motion).

Given the cases cited and the construction of Rule 41(a)(1), we find that plaintiff's original notice of dismissal did, by itself, operate to dismiss the suit as to both defendants. Because the suit was no longer pending, the amended notice was ineffective to undo the original notice. *See Noland*, 104 F.R.D. at 85.

[2] Nevertheless, we believe G.S. § 1A-1, Rule 60(b), Relief from Judgment or Order, provides a permissible method to reopen this case. Rule 60(b) permits a party to move for relief from "a final judgment, order or proceeding . . . . " for reasons of "(1) [m]istake, inadvertence, surprise, or *excusable neglect*." (Emphasis added). To proceed under Rule 60(b), however, requires an initial determination of whether a notice of dismissal constitutes a "judgment, order or proceeding." A federal case, very similar to the one before us, offers some guidance. *See Noland*, 104 F.R.D. 83. In *Noland*, a federal district court concluded that a voluntary "dismissal can be considered a 'proceeding' thus allowing relief via Rule 60(b)." *Noland*, 104 F.R.D. at 86.

CARTER v. CLOWERS

[102 N.C. App. 247 (1991)]

In *Noland*, the plaintiff brought an action against two defendants, then sought to dismiss one by filing a Rule 41 notice of dismissal as to the "action." Inadvertently, he failed to limit the dismissal to only one defendant. *Id.* at 84. Then plaintiff, just as in the case before us, attempted to amend the notice of dismissal by using Rule 15(a). The district court rejected that approach, but on its own initiative granted plaintiff relief from the notice to dismiss by way of Rule 60(b). The court examined the plaintiff's Amended Notice of Dismissal and determined that it satisfied the requirements of a valid Rule 60(b) motion for relief from judgment. *Id.* at 87. While this approach may seem unorthodox, Rule 60(b) is an unusual rule, having been described as "a grand reservoir of equitable power." *Jim Walter Homes, Inc. v. Peartree*, 28 N.C. App. 709, 712, 222 S.E.2d 706, 708 (1976). The facts here warrant equity's intrusion into this problem.

Of course, the usual method for seeking relief under Rule 60(b) is by filing a motion. Nonetheless, other means may be sufficient. "[N]omenclature is unimportant, moving papers that are mislabeled in other ways may be treated as motions under Rule 60(b) when relief would be proper under that rule." 7 J. Moore & J. Lucas, *Moore's Federal Practice* § 60.18[8], at 60-139 (2d ed. 1983). "[A]lthough Rule 60 says that the court is to act 'on motion,' it does not deprive the court of the power to act in the interest of justice in an unusual case where its attention has been directed to the necessity for relief by means other than a motion." *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 717, 220 S.E.2d 806, 811 (1975), *cert. denied*, 289 N.C. 619, 223 S.E.2d 396 (1976).

Another concern here, however, is whether defendant Deeney has been prejudiced by this decision to consider plaintiff's motion to amend as a Rule 60(b) motion. Specifically, did the amended notice identify the original error and clarify the action sought, thereby alerting defendant of the change desired? *See Noland*, 104 F.R.D. at 87. In this case, the motion to amend the dismissal identified the date of the original motion, the error that occurred in the original and the clarification sought. Thus, it meets the technical requirements of a Rule 60(b) motion.

The trial court's order granting the motion to amend also contains findings of fact and conclusions pertinent to the issue of prejudice. Facts found by a judge in this context are conclusive if there is any evidence on which to base such findings. *Doxol*

*Gas of Angier, Inc. v. Barefoot,* 10 N.C. App. 703, 179 S.E.2d 890 (1971). The trial judge found that the dismissal with prejudice as to Deeney was an inadvertent mistake made by plaintiff's counsel. He concluded the error was due to "excusable neglect." The dismissal was not entered with the consent of the minor plaintiff, and neither was it based on any agreement between the parties. Defendants were completely surprised by Deeney's dismissal with prejudice, and the trial judge concluded no evidence of prejudice existed.

The decision to dismiss Clowers apparently occurred after the parties agreed that Clowers' insurance covered Deeney's operation of the vehicle. Once this was determined, the parties agreed to dismiss Clowers, but a dismissal with prejudice of Deeney was never contemplated by either party.

Finally, Rule 60(b) contains a time limitation. A motion based on Rule 60(b)(1) for "excusable neglect" must be made within a "reasonable time, and . . . not more than one year after the judgment, order or proceeding was entered or taken." G.S. § 1A-1, Rule 60(b). Considering the motion to amend as a Rule 60(b) motion satisfies this time requirement because it was filed about three months after the original notice of dismissal.

The purpose of Rule 60(b) is to strike a proper balance between the conflicting principles of finality and relief from unjust judgments. 11 C. Wright & A. Miller, *supra,* § 2851. Generally, the rule is liberally construed. *See Howard v. Williams,* 40 N.C. App. 575, 253 S.E.2d 571 (1979). Procedural actions that prevent litigants from having the opportunity to dispose of their case on the merits are not favored. *See id.* There has been no decision on the merits of this case.

Based on the foregoing analysis, we construe the motion to amend the dismissal as a Rule 60(b) motion and grant plaintiff the relief he sought from the original dismissal. Therefore, the action is dismissed with prejudice as to defendant Clowers and without prejudice as to defendant Deeney. Although we take an alternative procedural route, the result here is to affirm the relief granted in the trial court's judgment.

Modified and Affirmed.

Judges JOHNSON and LEWIS concur.