RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0357P (6th Cir.)
File Name:  01a0357p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

LESLEY WARFIELD,
Individually and as Executrix
of the Estate of Kenny
Warfield, deceased,
　　　*Plaintiff-Appellant,*

THE TRAVELERS INSURANCE
COMPANY,
　　　　　　　*Plaintiff,*

　　v.

ALLIEDSIGNAL TBS
HOLDINGS, INC. and
ALLIEDSIGNAL TRUCK BRAKE
SYSTEMS, INC.,
　　　*Defendants-Appellees.*

No. 00-5761

Appeal from the United States District Court
for the Eastern District of Kentucky at Frankfort.
No. 98-00085—Joseph M. Hood, District Judge.

Submitted:  September 12, 2001

Decided and Filed:  October 5, 2001

Before:  DAUGHTREY and GILMAN, Circuit Judges;
         COHN, Senior District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:**  Charles Stanford West, Williamson, West Virginia, for Appellant.  Anne A. Chestnut, GREENEBAUM, DOLL & McDONALD, Lexington, Kentucky, for Appellees.

_____

**OPINION**

_____

   RONALD LEE GILMAN, Circuit Judge. Lesley Warfield filed a wrongful death action against her late husband's employer, AlliedSignal Truck Brake Systems, Inc., and its holding company, AlliedSignal TBS Holdings, Inc. (collectively, AlliedSignal).   Following a scheduling conference before the district court, Warfield dismissed her complaint against AlliedSignal with prejudice pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. More than a year after AlliedSignal had been dismissed from the case, Warfield moved to vacate her earlier dismissal. The district court denied the motion.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

### I.  BACKGROUND

   On October 11, 1997, Kenny Warfield was fatally injured at the AlliedSignal plant in Frankfort, Kentucky while operating an Orion 2200 metal-stamping machine.  His widow, Lesley Warfield, brought a wrongful death action against AlliedSignal, alleging that the company engaged in

_____

   [*] The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

intentional and willful misconduct by disabling the safety features on the machine. She also filed suit against the various manufacturers of the Orion 2200 and its component parts (the Orion defendants). The claim was filed in the Franklin County Circuit Court in Frankfort, Kentucky. AlliedSignal removed the case to the United States District Court for the Eastern District of Kentucky on the basis of diversity of citizenship.

On December 2, 1998, counsel for both Warfield and the defendants held a preliminary telephone conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Because the complaint alleged that the "[d]ecedent was killed while acting in the scope and course of his employment," the attorneys for AlliedSignal requested that the company be voluntarily dismissed with prejudice from the lawsuit. They maintained that Kentucky's workers' compensation law provided the exclusive remedy in the matter and that Warfield's failure to dismiss AlliedSignal from the case would constitute a waiver of her right to claim further workers' compensation benefits. Warfield refused their request, arguing that such action was premature given the limited facts known to her at the time.

The district court later convened a scheduling conference on January 20, 1999. During the conference, AlliedSignal repeated its request to be dismissed from the case with prejudice. Warfield again refused, citing reports from the Kentucky Occupational Safety and Health Agency that AlliedSignal had engaged in "willful and serious" misconduct. The district court, however, agreed with AlliedSignal's counsel that if Warfield pursued the tort claims against AlliedSignal, she faced the possibility of losing her workers' compensation benefits. The court then gave Warfield's attorneys nine days to confer with their client about the risks associated with going forward with the lawsuit against AlliedSignal. Following such consultations, Warfield filed a notice of voluntary dismissal with prejudice of all claims against AlliedSignal on February 1, 1999. This was

done pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, before AlliedSignal had filed an answer to Warfield's complaint. The district court then issued an order dismissing the complaint with prejudice the following day, February 2, 1999.

Warfield's case against the Orion defendants proceeded. Extensive discovery was taken by both sides. Warfield maintains that this discovery produced significant evidence that the "AlliedSignal defendants had, in fact, intentionally, recklessly, and dangerously altered and mis-maintained and operated the metal-stamping machine that crushed the decedent, and that this conduct by the AlliedSignal defendants caused the death of the decedent."

On the verge of trial, Warfield reached a settlement with the Orion defendants. Then, on April 18, 2000, she filed a motion to vacate the February 2, 1999 order dismissing AlliedSignal with prejudice. Warfield contended that she had originally dismissed AlliedSignal "against her will" because she "felt intimidated" by the district court and "feared losing all." She failed, however, to support this contention with any affidavit, documentation, or newly discovered evidence. In a one-page order, the district court denied Warfield's motion to vacate. This appeal followed.

## II. ANALYSIS

### A. Rule 41 of the Federal Rules of Civil Procedure

Warfield contends that the district court erred by refusing to vacate her voluntary dismissal of AlliedSignal entered pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Rule 41(a)(1)(i) allows a plaintiff to dismiss a claim voluntarily, without an order of the court, before the defendant files an answer. The dismissal may be made either with or without prejudice. *Id.* Rule 41(a)(2) allows a plaintiff to voluntarily dismiss a claim with the permission of the court if the request is made after the defendant has filed an answer.

dismissed AlliedSignal, or why the failure to know all the obtainable facts negates the voluntariness of a dismissal with prejudice under Rule 41(a)(1)(i). Accordingly, we reject Warfield's contention that the discovery of new information should result in the vacatur of her earlier dismissal.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.

Warfield has also failed to produce any evidence that AlliedSignal caused her to dismiss her claims under duress. During the December 2, 1998 telephone conference conducted pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, AlliedSignal warned Warfield's counsel that unless it was voluntarily dismissed with prejudice, it would move to dismiss Warfield's claim. Such proceedings on Warfield's tort claim might have caused Warfield to forfeit her workers' compensation benefits under Kentucky law. AlliedSignal repeated this warning at the January 20, 1999 scheduling conference before the district court. We are of the opinion that when a defendant warns the plaintiff's counsel that it intends to exercise a legal option properly available to it, that warning does not negate the voluntariness of a subsequent dismissal under Rule 41(a)(1)(i).

Both parties extensively briefed the question of whether the district court was correct when it suggested at the scheduling conference that AlliedSignal would prevail on a motion to dismiss Warfield's tort claims. This question, however, is not relevant to the validity or effect of Warfield's voluntary dismissal. If Warfield believed that the district court was wrong in its interpretation of Kentucky law, she had the choice of risking dismissal and then appealing to this court for relief.

Finally, Warfield argues that her dismissal was involuntary because she was not aware of certain key facts at the time. She refers to the deposition testimony of Barbara Srodulski, a safety inspector with the Kentucky Occupational Safety and Health Agency, but does not refer to any particular language in the 64-page transcript. The record of the January 20, 1999 conference suggests that the allegedly new information—that the state of Kentucky found that AlliedSignal committed safety violations relevant to Kenny Warfield's death—was in fact known to Warfield before she dismissed AlliedSignal. But even if Ms. Srodulski's information had not been known to Warfield before she dismissed the case, Warfield gives no reason why the information was unobtainable before she

Involuntary dismissals by the court are governed by Rule 41(b).

Warfield's unilateral notice was the legally operative act of dismissal pursuant to Rule 41(a)(1)(i), making the district court's subsequent order to the same effect superfluous. Because the outcome of this case turns on the voluntariness of Warfield's notice rather than on any effect of the district court's order, no further reference will be made to the order as such.

## B.   Standard of review

AlliedSignal argues that Warfield's dismissal notice is unreviewable because Rule 41(a)(1)(i) does not allow for the vacatur of a plaintiff's notice voluntarily dismissing a defendant with prejudice. "Rule 41(a)(1)(i) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion . . . ." *D.C. Electronics, Inc. v. Nartron Corp.,* 511 F.2d 294, 298 (6th Cir. 1975) (concluding that Rule 41(a)(1)(i) does not give the court discretion to prevent a plaintiff from voluntarily dismissing a claim if the dismissal is done before the defendant files an answer). AlliedSignal's position would be correct in a case where, as in *D.C. Electronics*, the court attempts to reject a voluntary dismissal over the plaintiff's objection. In such a case, the plaintiff's stipulation is the legally operative act of dismissal and there is nothing left for the court to do.

Warfield, however, alleges that her dismissal was involuntary because it was done under duress and mistake of fact, and therefore was invalid under Rule 41(a)(1)(i). In analyzing her claim, we turn to Rule 60(b) of the Federal Rules of Civil Procedure, which gives the courts discretion to set aside a voluntary dismissal with prejudice if the dismissal was not a "free, calculated, and deliberate" choice. *Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C. Cir. 1987) (concluding, in a case where the plaintiff had voluntarily dismissed the defendant for the second time under Rule

41(a)(1)(i), which is deemed by the Rule to be a dismissal with prejudice, that the trial court did not abuse its discretion in vacating the second dismissal pursuant to Rule 60(b)(6).

Although Warfield does not mention Rule 60(b), the Rule allows a court to revisit final judgments in the interests of justice for reasons that include the types of claims raised by Warfield. A court, for example, may vacate a judgment that is "void," Fed. R. Civ. P. 60(b)(4), or "for any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). We therefore review the district court's denial of Warfield's motion to determine whether the court abused its discretion. *Randall*, 820 F.2d at 1321. This court will find an abuse of discretion only upon a "definite and firm conviction that the trial court committed a clear error of judgment." *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998) (citation and quotation marks omitted).

If we were to find that the district court abused its discretion, we would next face the issue of whether Warfield's motion to vacate the dismissal was timely. Because we conclude in Part II.C. below that the district court did not abuse its discretion, we need not reach the timeliness issue in this case. Following Rule 60(b), however, Warfield would be required to act "within a reasonable time" after the dismissal so that AlliedSignal would not be unfairly prejudiced by the delay. *See Randall*, 820 F.2d at 1321.

**C.    The district court did not abuse its discretion by refusing to vacate the dismissal**

A voluntary dismissal with prejudice operates as a final adjudication on the merits and has a res judicata effect. *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir. 1991) (concluding that a voluntary dismissal with prejudice "is a complete adjudication on the merits of the dismissed claim."). If Warfield's dismissal of AlliedSignal with prejudice was indeed voluntary, then the dismissal is final under Rule 41(a)(1)(i) and the case is over. Warfield,

however, alleges that her decision to dismiss AlliedSignal was made under duress caused by the behavior of the district court and AlliedSignal. In order for us to find that the district court and AlliedSignal caused Warfield to dismiss her claims involuntarily, we would have to find that they created coercive conditions that negated Warfield's ability to make a free choice in the matter. *See Black's Law Dictionary* 833 (7th Ed. 1999) (defining "involuntary" as "not resulting from a free and unrestrained choice; not subject to control by the will.").

Warfield offers no persuasive evidence that her dismissal was involuntary. Her claim of duress by the district court relies upon comments made by the court during the scheduling conference on January 20, 1999. She was represented at the conference by two lawyers, and was not personally present. After inviting Warfield's counsel to convince him otherwise, the district judge cautioned that AlliedSignal would likely prevail on a motion for summary judgment regarding Warfield's tort claims. Such a result would cause Warfield not only to lose her tort claims, but also to forfeit her workers' compensation benefits under Kentucky law. The district court then suggested to Warfield's counsel that she would be better off if she kept her workers' compensation benefits by voluntarily dismissing AlliedSignal. We are of the opinion that a court does not coerce a party by expressing a view about the law to her counsel, inviting counsel to convince the court otherwise, and then suggesting to counsel that one course of action is likely to be more promising than another.

The district court also told Warfield's counsel that it was "her choice" either to dismiss AlliedSignal or to proceed with her tort claims. Warfield's counsel was then given nine days after the conference to confer with Warfield and anyone else they chose on the best way to proceed. Warfield does not adequately explain how having a nine-day period in which to consider a legal option with the advice of counsel constitutes a coercive situation. We are of the opinion that it does not.