**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN NETWIG,

     Plaintiff - Appellant,

v.

GEORGIA-PACIFIC CORPORATION
and WILLAMETTE INDUSTRIES,
INC.,

     Defendants - Appellees.

Nos. 03-3030 & 03-3210

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. Nos. 01-CV-2025-CM & 02-CV-2143-CM)**

---

Patrick R. Miller of Ullman, Dezube & Miller, PA., Overland Park, Kansas, for
Plaintiff-Appellant.

Paul Hasty, Jr., of Wallace, Saunders, Austin, Brown & Enochs, Chartered,
Overland Park, Kansas, for Defendant-Appellee Georgia-Pacific Corporation, and
Nikki Cannezzarro (John E. Franke on the brief) of Franke, Schultz & Mullen,
P.C., Kansas City, Missouri, for Willamette Industries, Inc.

---

Before **SEYMOUR**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

**McKAY**, Circuit Judge.

In this appeal, we address a court's jurisdiction to reinstate a case after a plaintiff voluntarily dismisses it under Fed. R. Civ. P. 41(a). Appellant was injured while installing plumbing lines that Appellees manufactured and distributed. He timely filed a complaint in the District of Kansas, where the injury occurred, but failed to serve Appellees within Kansas' two-year statute of limitations period. Upon service, Appellees filed motions to dismiss for failure to effect service. Apparently recognizing his error, Appellant filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a). Aplt. App., Vol. I, at 26-28. Less than two months later, Appellant filed a new complaint in the District of Minnesota, alleging the same claims against the same defendants. Appellees filed motions asking the Minnesota district court to either apply Kansas' two-year statute of limitations and dismiss the case or transfer the case back to Kansas under 28 U.S.C. § 1404(a). The court denied the motions to dismiss–holding that Minnesota's five-year statute of limitations applied–but transferred venue back to Kansas. Aplt. App., Vol. I, at 121-22.

After receiving the Minnesota case, the Kansas district court entered a series of orders which caused all of Appellant's claims, in both cases, to be dismissed with prejudice. The court first reinstated the Kansas case pursuant to Fed. R. Civ. P. 60(b) over Appellant's objection. It then consolidated the two cases, dismissed the Kansas case for failure to effect service within Kansas' two-

year limitations period, and finally used the dismissal of the Kansas case as its ground for dismissing the Minnesota case under the doctrine of *res judicata*. Aplt. App., Vol. I, at 169.

Appellant argues that the Kansas district court erred by reinstating the Kansas case over Appellant's objection. We review this jurisdictional issue *de novo*. Plaza Speedway v. United States, 311 F.3d 1262, 1266 (10th Cir. 2002). We hold that the court erred by reinstating the case after Appellant voluntarily dismissed it under Fed. R. Civ. P. 41(a). Rule 41 provides that "an action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed. R. Civ. P. 41(a)(1)(i). Appellant filed his notice of dismissal on May 31, 2001, prior to service of an answer or a motion for summary judgment. Aplt. App., Vol. I, at 26-28. Thus, under the plain language of Rule 41, Appellant had the right to voluntarily dismiss the Kansas case, and since "[t]he filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) does not require an order of the court," the dismissal was effective on May 31, 2001, when it was filed. Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003). This dismissal is without prejudice, since Appellant's notice of dismissal did not provide otherwise. Fed. R. Civ. P. 41(a)(1).

Although the Kansas district court acknowledged that Appellant had dismissed his Kansas case, it held that "the court does retain jurisdiction for the limited purpose of reviewing a Rule 60(b) challenge to the dismissal." Aplt. App., Vol. I, at 65. We hold that the district court lacked jurisdiction to reinstate the Kansas case over Appellant's objection.

Rule 60 provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Appellees argue that a voluntary dismissal under Rule 41(a)(1)(i) is a "proceeding" within the meaning of Rule 60(b). In support of this argument, Appellees cite Noland v. Flohr Metal Fabricators, Inc., 104 F.R.D. 83, 86 (D. Alaska 1984). This case is not binding on this court. Further, although Noland categorized a plaintiff's voluntary dismissal as a "proceeding" under Rule 60(b), it did so to provide relief to the plaintiff, whose notice of dismissal had mistakenly dismissed all claims instead of only one defendant. Noland, 104 F.R.D. at 87. Therefore, since Noland invoked Rule 60(b) at a plaintiff's request, it did not address the critical issue here–whether a court may invoke Rule 60(b) to reinstate a voluntarily dismissed case over plaintiff's objection.

On this issue, we have held that once a Rule 41(a)(1) dismissal has been filed, "the district court loses jurisdiction over the dismissed claims and may not

address the merits of such claims or issue further orders pertaining to them."

Janssen, 321 F.3d at 1000 (quoting Duke Energy Trading & Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001)). We reasoned that

> [t]he filing of a Rule 41(a)(1)(i) notice itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought.

Id. (internal brackets omitted). Therefore, Appellant's dismissal was effective upon filing, and the Kansas district court lacked jurisdiction to reinstate the Kansas case.

Accordingly, we hold that the attempted reinstatement of the Kansas case is a nullity and direct the district court to reinstate the transferred Minnesota case for further proceedings consistent with this opinion.

**REVERSED** and **REMANDED**.