FILED
United States Court of Appeals
Tenth Circuit

June 26, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JONATHAN SCHMIER,

        Plaintiff - Appellant,

v.

MCDONALD'S LLC,

        Defendant - Appellee.

No. 09-1036

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 1:08-CV-02471-ZLW)**

Jonathan Schmier, pro se.

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

**HARTZ**, Circuit Judge.

This appeal raises an interesting issue concerning the authority of a district court to consider a plaintiff's motion to set aside his own voluntary dismissal of his complaint. Jonathan Schmier, proceeding pro se, sued McDonald's LLC for discrimination on the basis of race, color, sex, and disability, and also alleged retaliation. He submitted the complaint to the United States District Court for the

District of Colorado on November 6, 2008, and it was filed on November 13, when a magistrate judge granted his motion to proceed *in forma pauperis* and directed the clerk to commence the action. On November 25, however, Mr. Schmier filed a notice that he was voluntarily dismissing his suit with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). On December 3 the district court filed an order recognizing the effective date of the dismissal as November 25. *See Janssen v. Harris*, 321 F.3d 998, 1000–01 (10th Cir. 2003) (dismissal under Rule 41(a)(1)(i) (restyled in 2007 as Rule 41(a)(1)(A)(i)) does not require an order of the court and is effective on the date it is filed).

Mr. Schmier then sought to change course. On December 18 he moved to vacate the voluntary dismissal, complaining about the behavior of McDonald's with respect to an apparent settlement agreement that led to the dismissal. The district court denied the motion. Next, Mr. Schmier filed a motion requesting the court to set a hearing on the motion to vacate the voluntary dismissal, but his request was denied. Finally, he filed a motion requesting that his case be reassigned to a magistrate judge, and the district court again denied his motion. Mr. Schmier appeals the court's denial of his motion to vacate the voluntary dismissal. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

As we understand Mr. Schmier's brief, he asserts that between the day that he filed suit and the day that he dismissed the suit with prejudice, he entered a settlement agreement with McDonald's. We assume that the agreement included

-2-

a provision requiring Mr. Schmier to dismiss his suit with prejudice, although he never expressly says so. He does, however, assert that the agreement "[h]as no Legal and Bi[n]ding Effect." Aplt. Br. at 2. He alleges (1) that although the agreement states that McDonald's advised him to consult legal counsel before signing, McDonald's did not so advise him; (2) that although the agreement states that he had a reasonable amount of time to consider the agreement and consult an attorney before signing it, he did not have enough time; and (3) that the agreement prohibits him from discussing or disclosing its terms, which prevented him from discussing the agreement with legal counsel.

Under Rule 41(a)(1)(A)(i) a plaintiff may dismiss an action voluntarily before the defendant files an answer or a motion for summary judgment. The dismissal is without prejudice, unless the notice of dismissal states otherwise. *See* Fed. R. Civ. P. 41(a)(1)(B). Mr. Schmier's notice stated that his dismissal was with prejudice. "A voluntary dismissal with prejudice operates as a final adjudication on the merits," *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001), and is thus a "final judgment," *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987) (internal quotation marks omitted); *see* 8 James Wm. Moore et al., Moore's Federal Practice § 41.33[6][c] at 41-84 ("A dismissal by notice made with prejudice operates as an adjudication on the merits.").

Like other final judgments, a dismissal with prejudice under Rule 41(a)(1)(A)(i) can be set aside or modified under Federal Rule of Civil Procedure 60(b). *See Warfield*, 267 F.3d at 542; *Randall*, 820 F.2d at 1320; *see also Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) ("[A]n unconditional dismissal [by stipulation of the parties] terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Rule] 60(b)." (internal quotation marks omitted)).

We have recognized only a narrow exception to this general rule. In *Netwig v. Georgia-Pacific Corp.*, 375 F.3d 1009 (10th Cir. 2004), we held that the district court lacked jurisdiction to consider *defendants'* motion to reinstate a claim that had been voluntarily dismissed without prejudice by the plaintiff under Rule 41(a)(1)(A)(i). In that case the plaintiff voluntarily dismissed his complaint in Kansas federal district court once he realized that he had failed to serve the defendants within Kansas's two-year limitations period. *See id.* at 1009. He promptly filed a new complaint against the same defendants in federal district court in Minnesota, which had a more generous limitations period. *See id.* at 1010. The defendants, however, successfully moved in the Minnesota court to have the case transferred back to Kansas. *See id.* The Kansas federal district court disposed of the case by proceeding through the following steps: (1) Over plaintiff's objection, it applied Rule 60(b) to reinstate the original case that the plaintiff had voluntarily dismissed. (2) It consolidated the original suit and the

-4-

transferred case. (3) It dismissed the original suit as untimely. (4) Based on that dismissal, it dismissed the Minnesota case on res judicata grounds. *See id.* We reversed because the first step in the sequence was faulty. We held that the Kansas court had lost jurisdiction over the dismissed claim once the plaintiff's voluntary dismissal had been filed, *see id.* at 1011, so "the attempted reinstatement of the Kansas case [was] a nullity," *id.* The defendants had relied on *Noland v. Flohr Metal Fabricators, Inc.*, 104 F.R.D. 83 (D. Alaska 1984), but we distinguished that decision on the ground that Rule 60(b) had been invoked by the plaintiff who had filed the notice of dismissal. *See Netwig*, 375 F.3d at 1010.

Here, as in *Noland*, a plaintiff is seeking to set aside his own voluntary dismissal. We know of no reason to deny jurisdiction to a district court to consider granting a dismissing plaintiff relief under Rule 60(b). We therefore embrace the proposition that a plaintiff who has dismissed his claim by filing notice under Rule 41(a)(1)(A)(i) "may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b)." 8 Moore's, *supra* § 41.33[6][f] at 41-87; *see id.* § 41.33[6][j] at 41-92; *Warfield*, 267 F.3d at 542; *Randall*, 820 F.2d at 1320.

Thus, the district court had jurisdiction under Rule 60(b) to consider Mr. Schmier's motion to set aside his dismissal. But the merit of the motion is another matter. "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490

F.3d 1224, 1229 (10th Cir. 2007) (internal quotation marks omitted).  The rule provides in pertinent part:

> [T]he court may relieve a party . . . from a final judgment . . . for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> > (4) the judgment is void;
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Mr. Schmier has not shown entitlement to relief under any provision of Rule 60(b).  On appeal he cites several alleged problems with his agreement with McDonald's.  But those problems would have been obvious to him when he signed the agreement, and he does not argue otherwise.  Accordingly, there is no basis to reverse the district court's denial of his motion to set aside his voluntary dismissal.  *See Warfield*, 267 F.3d at 543 (affirming denial of Rule 60(b) motion to vacate dismissal with prejudice because movant failed to show that dismissal was involuntary).

We AFFIRM the order of the district court.  Mr. Schmier's motion to proceed *in forma pauperis* is granted.