FILED
United States Court of Appeals
Tenth Circuit

July 12, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

NOLAN MCKENZIE, Reverend,

Plaintiff-Appellant,

v.

AAA AUTO FAMILY INSURANCE
CO.; BANK OF AMERICA, INC.;
AUTO CLUB FAMILY INSURANCE
CO.,

Defendants-Appellees.

No. 10-3253
(D.C. No. 2:10-CV-02160-KHV-DJW)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, Circuit Judge, and **HOLLOWAY** and **PORFILIO**, Senior
Circuit Judges.

---

Plaintiff Nolan McKenzie brought this action in Kansas state court against

his homeowner's insurance carrier (initially misidentified as AAA Auto Family

Insurance Co., but later clarified to be defendant Auto Club Family Insurance Co.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(Auto Club)), complaining about overvaluation of his house, inflated payments, and mishandling of escrow funds. After Auto Club removed the case to federal court based on diversity, Mr. McKenzie purported to amend his pleadings, without seeking leave to do so, by naming Bank of America, Inc., as an additional defendant for its role in the collection of payments and disposition of escrow funds. Eventually, the district court dismissed the claims against Bank of America, Inc. without prejudice for lack of service. Shortly thereafter, Mr. McKenzie submitted a voluntary stipulation dismissing his claims against Auto Club, and a few days later, he filed this appeal. We dismiss for lack of jurisdiction.

Unless a voluntary stipulation of dismissal specifies otherwise, "the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). That is the case here. *See* R. vol. 1 at 264. Voluntary, without-prejudice dismissals "raise issues of non-aggrievement and non-finality that generally bar appellate jurisdiction" on behalf of the plaintiff, who has obtained the very result–a dismissal that does not bar re-filing–that he wanted.[1] *Brown v. Baeke*, 413 F.3d 1121, 1124 n.3 (10th Cir. 2005); *see, e.g.*, *Coffey v. Whirlpool Corp.*, 591 F.2d 618, 620 (10th Cir. 1979).

---

[1]     If the plaintiff subsequently decides he should not have dismissed the case, he may, as an alternative to refiling, seek to rectify the situation by moving in the district court for relief from the dismissal under Fed. R. Civ. P. 60(b), but the circumstances must implicate a cognizable ground for relief under the Rule. *Schmier v. McDonald's, LLC*, 569 F.3d 1240, 1242-43 (10th Cir. 2009).

Further, voluntarily dismissing all remaining claims without prejudice after some claims have been disposed of in a prior interlocutory order, as Mr. McKenzie did here following the dismissal of his claims against Bank of America, Inc., does not make the prior order appealable. *Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998) (per curiam); *Cook v. Rocky Mtn. Bank Note Co.*, 974 F.2d 147, 148 (10th Cir. 1992).[2] In sum, we cannot exercise appellate jurisdiction over any part of this case.

Our jurisdiction, at least with respect to the order dismissing the claims against Bank of America, Inc., might yet have been secured had Mr. McKenzie (1) obtained from the district court an order properly certifying the dismissal as final for purposes of appeal pursuant to Fed. R. Civ. P. 54(b),[3] or (2) dismissed with prejudice the claims against Auto Club. *See generally Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998) (indicating these two options for

---

[2]    We also note that Mr. McKenzie allegedly did not discover defendants' wrongdoing until January 2010, so it does not appear from the pleadings that his ability to re-file his claims would necessarily be precluded because of limitations problems. *See Bragg v. Reed*, 592 F.2d 1136, 1138 (10th Cir. 1979) (indicating dismissal without prejudice–at least involuntary dismissal–may be deemed final and appealable if claims would clearly be time-barred).

[3]    While Rule 54(b) certification is available only for orders that are in fact final with respect to the part of the case they resolve, *see Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 262 F.3d 1089, 1107-08 (10th Cir. 2001), the order dismissing the case against Bank of America, Inc. without prejudice for lack of service qualified as final, *see Constien v. United States*, 628 F.3d 1207, 1210 (10th Cir. 2010), *cert. denied*, ___ S. Ct. ___, 2011 WL 938810 (U.S. May 2, 2011).

saving similarly deficient appeal).  In two procedural orders raising questions about the jurisdictional viability of this appeal, dated October 12, 2010 and December 13, 2010, the clerk provided Mr. McKenzie repeated opportunities to take such action to save his appeal from impending dismissal.  The second time period expressly allotted for such curative action has long since expired without Mr. McKenzie taking advantage of the guidance and opportunity provided by the court to forestall dismissal.  Further forbearance is unwarranted.

This appeal is DISMISSED.  All pending motions are DENIED.

Entered for the Court


William J. Holloway, Jr.
Senior Circuit Judge