**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

T. E. JANSSEN,

     Plaintiff,

v.

GLENN S. HARRIS, individually and as
Trustee for the Glenn S. Harris Revocable
Trust,

     Defendant - Appellee,

and

CRUSE TWO LLC, an Oklahoma limited
liability company; ALAC, an Oklahoma
corporation; ARVEST UNITED BANK,

     Defendants.

---

STEVEN E. ANTOLAK, and the law firm
of LONDON ANDERSON ANTOLAK &
HOEFT, LTD., a Minnesota professional
corporation,

     Attorneys - Appellants.

No. 01-6127

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. CIV-00-1542-W)**

---

Steven E. Antolak, London Anderson Antolak & Hoeft, Ltd., Apple Valley, Minnesota, for the Attorneys-Appellants.

Andrew L. Walding, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, Oklahoma, for the Defendant-Appellee.

---

Before **BRISCOE**, **HOLLOWAY**, and **HARTZ**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

Steven E. Antolak and his law firm, London Anderson Antolak & Hoeft, Ltd. (London Anderson), appeal the district court's order disqualifying them from representing T. E. Janssen. We dismiss the appeal as untimely filed.

I.

On November 8, 2000, Antolak, on behalf of his client Janssen, filed a second amended complaint in federal district court against, among other entities, Assisted Living Acceptance Corporation (ALAC) and Glenn Harris, in his individual capacity and as trustee for the Glenn S. Harris Revocable Trust. Harris is ALAC's president, sole shareholder, and only director, and he provided all funding and guaranties for ALAC. The second amended complaint alleged that Harris, through ALAC, had breached duties arising from a joint venture agreement between Janssen and Harris. Janssen also alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq*. On November 30, 2000, Harris filed a motion to disqualify Antolak, Donald Hoeft, the London Anderson law firm, and local counsel Joseph A. Buckles II.

-2-

Harris argued that counsel violated, inter alia, Rule 1.9(a) of the Oklahoma Rules of Professional Conduct (the "former client" rule), contending London Anderson had a prior attorney-client relationship with Harris. The district court granted Harris' motion to disqualify counsel on February 14, 2001.

The district court dismissed Janssen's second amended complaint without prejudice on March 21, 2001. Antolak and the London Anderson law firm appealed, challenging the district court's February 14 disqualification order. Harris filed a motion to dismiss for lack of appellate jurisdiction because the appeal was untimely filed. This court issued an order to show cause requesting that the parties address whether Antolak and London Anderson were directly aggrieved and therefore had standing to appeal the disqualification order.

## II.

In his motion to dismiss, Harris asserts that this court lacks appellate jurisdiction because the notice of appeal was untimely filed. Specifically, he argues the time to appeal began to run when Janssen filed his pro se letter with the district court requesting that the case be dismissed without prejudice and not when the district court entered its order granting that request. Janssen's pro se letter was filed on March 15, 2001. In his letter to the court, the court clerk, and counsel for Harris, Janssen stated he was financially unable to continue the case and "respectfully request[ed] that it be dismissed without prejudice." Aplee. App. at 916. Janssen's pro se letter did not cite Rule

41(a)(1)(i). On March 19, 2001, Harris filed an "Acknowledgment of Plaintiff's Pro se Letter Request for Dismissal Without Prejudice," requesting that the district court construe the letter as a request for dismissal pursuant to Rule 41(a)(1)(i). Harris pointed out that Janssen's "pro se letter request for dismissal [was] self-executing, and these Oklahoma proceedings were terminated when that letter was filed with the Clerk of this Honorable Court," and no further order of the court was needed. Id. at 918. On March 21, 2001, the district court entered an order granting the dismissal without prejudice pursuant to Rule 41(a)(1)(i). Antolak and London Anderson filed their notice of appeal on April 17, 2001.

The filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) does not require an order of the court. See Hyde Constr. Co. v. Koehring Co., 388 F.2d 501, 507 (10th Cir. 1968). Rule 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Janssen's pro se letter was filed before service of an answer or motion for summary judgment by Harris. Given its timing and Janssen's clear statement that he wanted his action dismissed, Harris contends the district court's March 21, 2001, order granting Janssen's request for dismissal was "superfluous, a nullity, and without procedural effect for purposes of appeal or otherwise." Motion to Dismiss at 13. We agree.

Under Rule 41(a)(1)(i), a plaintiff has an absolute right to dismiss without

-4-

prejudice and no action is required on the part of the court.

> The [filing of a Rule 41(a)(1)(i) notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

Duke Energy Trading & Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001) (internal quotations and citations omitted). Other circuits are in accord. See Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) (stating voluntary dismissal is "self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required"); Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990) ("The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required."); Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1078 (7th Cir. 1987) (stating that Rule 41(a)(1)(i) dismissal "strips a court of jurisdiction" in the sense that it "terminates the case all by itself. There is nothing left to adjudicate." (internal quotations omitted)); Randall v. Merrill Lynch, 820 F.2d 1317, 1320 (D.C. Cir. 1987) ("Rule 41(a)(1)(i) . . . provides a simple, self-executing mechanism whereby a case may be dismissed in certain circumstances without motion, argument, or judicial order. . . . [T]he dismissal takes

effect automatically: the trial judge has no role to play at all."); Santiago v. Victim Servs. Agency of Metro. Assistance Corp., 753 F.2d 219, 221 (2d Cir. 1985) ("Rule 41(a)(1)(i) . . . dismissal requires no approval or action by the court.  It is within the unfettered power of the plaintiff.  Once the plaintiff has dismissed the action under the rule, the court loses all jurisdiction over the action."  (internal citations omitted)), overruling on other grounds recognized by Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist., 71 F.3d 1053, 1055 (2d Cir. 1995); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1190 (8th Cir. 1984) (noting Rule 41(a)(1) "contains no exceptions that call for the exercise of judicial discretion by any court" and invalidating district court's entry of "So Ordered" notation on parties' Rule 41(a)(1)(ii) stipulated dismissal); D.C. Elecs., Inc. v. Nartron Corp., 511 F.2d 294, 298 (6th Cir. 1975) ("Other than to determine . . . whether an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(i)."). See also 8 Moore's Federal Practice ¶ 41.33[6][e], at 41-84 (3d ed. 1999) ("Once a notice of dismissal without prejudice is filed, the court loses jurisdiction over the case, and may not address the merits of [the] action or issue further orders.").  The plain language of Rule 41(a)(1)(i), as well as the strict construction courts have given the rule, mandate the result we reach here.  As we have concluded the appeal is untimely filed, we need not address whether Antolak and London Anderson had standing to appeal the disqualification order.

Harris' motion to dismiss is GRANTED.  The appeal is DISMISSED.