**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HARRY PTASYNSKI,

Plaintiff-Appellant,

v.

KINDER MORGAN G.P., INC.,

Defendant-Appellee.

No. 06-1231
(D.C. No. 06-cv-651-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

Plaintiff Harry Ptasynski filed this action against defendant Kinder Morgan

G.P., Inc., concerning royalty payments for carbon dioxide produced from the

McElmo Dome Unit in southeastern Colorado.  Defendant did not answer but

filed a motion to transfer venue to the United States District Court for the

Southern District of Texas based on the first-to-file rule, alleging that a

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

substantively identical action between the parties was already underway. On May 19, 2006, the district court granted the motion to transfer. Within hours of that order, plaintiff filed a notice of voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a). *See* Docketing Statement at 5. On May 22, the district court issued an order stating that the transferee court would have to rule on the notice of voluntary dismissal. Plaintiff then filed a notice of appeal to this court on May 23, in which he stated that he was appealing the May 19 and May 22 orders. On May 24, the Colorado court sent the files to the Texas court, and on May 26, the case was entered on the docket of the Southern District of Texas. On June 1, that court entered an order granting the dismissal without prejudice.

This court issued an order to show cause, directing the parties to submit supplemental briefs on whether the transfer order is an appealable order. Plaintiff responded that our jurisdiction is based on the May 22 order, not the transfer order, and suggested that his notice of dismissal was necessary to preserve review because the district court refused to stay the transfer to permit plaintiff to file a petition for mandamus. Defendant argued that this case is moot because plaintiff voluntarily dismissed it, that the transfer order is not appealable, and that we should not treat this appeal as a petition for mandamus. As we explain, we conclude that this appeal is moot and therefore have no occasion to consider whether to treat it as a petition for mandamus.

The entry of the transfer order did not divest the District of Colorado of jurisdiction over this case. As we have explained, that would have occurred when the matter was docketed in the transferee court:

> Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer. The date the papers in the transferred case are docketed in the transferee court, not the date of the transfer order, consequently forms the effective date that jurisdiction in the transferor court is terminated.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516-17 (10th Cir. 1991) (citations and footnote omitted). When plaintiff filed his notice of voluntary dismissal pursuant to Rule 41(a) on May 19, just hours after the court had entered the transfer order, the District of Colorado still had jurisdiction because the case was not docketed in the transferee court, the Southern District of Texas, until May 26.

Plaintiff did not state on which subdivision of Rule 41(a) he based his notice of voluntary dismissal. Rule 41(a) provides:

**(a) Voluntary Dismissal: Effect Thereof.**

  (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once

dismissed in any court of the United States or of any state an action based on or including the same claim.

  (2) By Order of Court.  Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a).  It is clear that (a)(1)(i) is the applicable portion of the rule because plaintiff filed a notice of voluntary dismissal without prejudice, not a stipulation signed by all of the parties as contemplated by (a)(1)(ii), and defendant had not served an answer or a summary judgment motion.  By its own terms, Rule 41(a)(2) is not applicable because of the exception it carves out for dismissals that conform to the requirements of Rule 41(a)(1).  Furthermore, in his supplemental brief on appellate jurisdiction, plaintiff asks us to apply *Janssen v. Harris*, 321 F.3d 998 (10th Cir. 2003)*,* to his notice of voluntary dismissal, a case that involved Rule 41(a)(1)(i), which further indicates that plaintiff based his motion on Rule 41(a)(1)(i).

  In *Janssen*, we explained that "[u]nder Rule 41(a)(1)(i), a plaintiff has an absolute right to dismiss without prejudice and *no action is required on the part of the court*."  321 F.3d at 1000 (emphasis added).  We then noted the effects of a Rule 41(a)(1)(i) notice of voluntary dismissal without prejudice:

> The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

*Janssen*, 321 F.3d at 1000 (quotation omitted). We also agreed with the appellee's argument that an order issued after the notice was filed purporting to grant the voluntary dismissal was "superfluous, a nullity, and without procedural effect for purposes of appeal or otherwise." *Id.* (quotation omitted).

The reasoning of *Janssen* applies here. When plaintiff filed his notice of voluntary dismissal without prejudice on May 19, it automatically divested the District of Colorado of jurisdiction and left the parties as though no action had been brought. It rendered the court's May 22 order a nullity and without procedural effect. In *Janssen*, we did not address what effect a notice of voluntary dismissal without prejudice has on orders that a district court enters before the notice is filed, but we conclude that the notice in this case rendered the district court's May 19 transfer order a nullity and the case moot. *See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 547 (4th Cir. 1993) (holding that "the action was terminated and the district court's interlocutory orders were vacated" after plaintiff filed its Rule 41(a)(1)(i) notice); *Oneida Indian Nation v. Oneida County*, 622 F.2d 624, 629 n.7 (2d Cir. 1980) ("Voluntary dismissal of a suit . . . vitiat[es] and annul[s] all prior proceedings

and orders in the case, terminating jurisdiction over it for the reason that the case has become moot.") (quotation, brackets, and ellipses omitted); *cf. In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977) (holding that orders preceding a voluntary dismissal without prejudice under Rule 41(a)(1)(i) could not be given preclusive effect because the dismissal "carries down with it previous proceedings and orders in the action") (quotation omitted). Because the notice of voluntary dismissal annulled the orders of the district court and mooted the case, this appeal is moot.[1]

---

[1] Plaintiff argues that he filed his notice of voluntary dismissal because the district court did not grant a stay of the transfer, which would have given him time to file a mandamus petition. We have endorsed the delay of transfer to permit a party to seek either mandamus relief or certification of an interlocutory transfer order under 28 U.S.C. § 1292(b). *See Chrysler Credit Corp.*, 928 F.2d at 1517, 1520 n.9. To the extent plaintiff is suggesting that the district court erred in denying a motion for a stay of the transfer, the argument is of no avail because he did not properly seek a stay in the District of Colorado. The relevant local rule of that court provides: "A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." D.C.COLO.LCivR 7.1C. Plaintiff's request for a stay was presented in his response to the motion to transfer, not in a separate motion, and the district court's orders are silent as to the procedurally improper request. Rather than filing a proper motion to stay the transfer, plaintiff filed his notice of voluntary dismissal without prejudice, which was the deathblow to his case and to any chance to seek review in this court.

We DISMISS this appeal as MOOT and therefore have no occasion to consider whether to treat it as a petition for mandamus.

Entered for the Court


Robert H. Henry
Circuit Judge