**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

          Plaintiff-Appellee,

v.

DAVID W. GOLDSTON, individually
and as Trustee of Old Times Holding
Trust and Trustee of High Mountain
Holding Trust; NANCY S.
GOLDSTON, individually and as
Trustee of Old Times Holding Trust
and Trustee of High Mountain Holding
Trust,

          Defendants-Appellants,

and

W.W. INVESTMENT GROUP, LLC,
as Trustee of Old Times Holding Trust
and Trustee of High Mountain Holding
Trust; ARTHUR C. DAVENPORT;
FIRST NATIONAL BANK OF
PAONIA,

          Defendants.

No. 11-1087
(D.C. No. 1:06-CV-02153-PAB-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,

(continued...)

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

Defendants-appellants David W. Goldston and Nancy S. Goldston (collectively "Goldston"), appearing pro se, appeal the judgment of the district court granting the government's motion to dismiss, filed under Fed. R. Civ. P. 41(a)(2). We have jurisdiction under 28 U.S.C. § 1291 and dismiss this appeal as moot.

In 1998, the IRS filed notices of federal tax lien to satisfy liability for 1991 taxes on each of two lots (the "Lots") in Gunnison County, Colorado, originally purchased by Goldston and transferred by him to two separate holding trusts. The notices named the trusts as Goldston's nominees. The United States then brought this action to foreclose on the federal tax liens on the Lots and for an order authorizing their sale. The government filed a motion for summary judgment, arguing that it had valid federal tax liens against Goldston and that those liens had attached to the Lots because the holding trusts were Goldston's nominees and/or alter egos.

Goldston responded that he had no outstanding tax liability, the liens were invalid, he did not own the property, and the IRS had not proven that he is "a

[*](...continued)
and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

taxpayer in regards to the income tax."[1]  R. Vol. 3 at 712.  Concluding that the holding trusts were alter-egos of Goldston, the magistrate judge recommended that the government's summary-judgment motion be granted.  The district court adopted the magistrate judge's recommendation, granted the summary-judgment motion, and entered judgment for the United States.  The court, however, further ruled that the valid tax liens could not be foreclosed until Goldston's outstanding tax liability for 1991 was determined in a case then pending in the Middle District of Florida.[2]

When the Florida court determined that Goldston had no outstanding tax liability for 1991, the government in this case notified the district court and filed a motion to dismiss under Fed. R. Civ. P. 41(a)(2), explaining that it no longer sought to foreclose on the Lots because Goldston had no outstanding tax liability for 1991.  The district court granted the motion, entered judgment, and Goldston now appeals.

In his briefs on appeal, Goldston re-argues the merits of his case in the district court, insisting that the holding trusts were not nominees or alter egos,

[1]     According to the IRS, Goldston had joined the Save-A-Patriot Fellowship, a tax-protestor organization maintaining that Americans are not liable for income tax.

[2]     Goldston's attempt to appeal this judgment failed for lack of appellate jurisdiction when this court determined that the judgment did "not constitute a final or immediately appealable decision under [] 28 U.S.C. § 1291 or under any recognized exception to the final judgment rule." *United States v. Goldston*, No. 10-1270, slip op. at 2 (10th Cir. Sept. 1, 2010).

that there was no legal basis for the enforcement of the tax liens on the Lots, and that monies from a separate property, which were used to reduce some of his tax liability, should be returned to him. These arguments are unavailing because the dismissal of the case under Rule 41 has mooted this appeal.

"Article III of the Constitution limits the jurisdiction of federal courts to live controversies that exist at all stages of litigation, including appellate review. This requirement serves the adversarial process by ensuring that cases involve self-interested parties vigorously advocating opposing positions." *Dudley-Barton v. Serv. Corp. Int'l*, ___ F.3d ___, No. 11-1248, 2011 WL 3199523, at *2 (10th Cir. July 28, 2011) (citations and internal quotation marks omitted). As we explained in *EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1201 (10th Cir. 2003), "[w]here a case is voluntarily dismissed without prejudice, the dismissal leaves the parties as though the action had never been brought." (internal quotation marks omitted).[3]

In his reply brief, Goldston asks for the first time that we order the district court to condition its dismissal on various requirements.[4] Apart from our

---

[3]     Because the district court did not specify otherwise, we deem the dismissal under Rule 41 to be without prejudice. *See* Fed. R. Civ. P. 41(a)(2).

[4]     This action was dismissed pursuant to Fed. R. Civ. P. 41(a)(2), dealing with voluntary dismissal by a plaintiff with a court order. That Rule provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper.*" Fed. R. Civ. P. 41(a)(2) (emphasis added).

unwillingness to address issues argued for the first time in a reply brief, *see Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000), Goldston did not request this relief from the district court in the first instance. We do not find this case to be so exceptional as to warrant our discretionary review of an issue not raised initially in the district court. *See United States v. Jarvis*, 499 F.3d 1196, 1202 (10th Cir. 2007). We therefore will not consider it on appeal.

Because Goldston is proceeding pro se, we liberally construe his pleadings. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1310 (10th Cir.), *cert. denied* (U.S. Oct. 3, 2011) (No. 11-5049). A fair reading of his opening brief includes the allegation, made more specifically in the reply brief, that dismissal should have been with prejudice. Goldston seems to be concerned with the preclusive effect of the summary judgment ruling. That concern is misplaced and does not require reversal in this case or save the appeal from mootness. "Voluntary dismissal of a suit . . . vitiat[es] and annul[s] all prior proceedings and orders in the case. . . ." *Oneida Indian Nation v. Oneida County*, 622 F.2d 624, 629 n. 7 (2d Cir. 1980) (internal quotation marks, brackets, and ellipses omitted); *cf. In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977) (holding that orders preceding a voluntary dismissal without prejudice under Rule 41(a)(1)(i) could not be given preclusive effect because the dismissal "carries down with it previous proceedings and orders in the action") (internal quotation marks omitted). While not precedential, we agree with and adopt the reasoning of our

unpublished opinion in *Ptasynski v. Kinder Morgan G.P., Inc.*, 220 F. App'x 876, 878-79 (10th Cir. 2007), where we held that a notice of voluntary dismissal without prejudice rendered an earlier court order a nullity. Because the notice of voluntary dismissal annulled the orders of the district court and mooted the case, this appeal is moot.[5]

Appeal DISMISSED.

Entered for the Court


Stephen H. Anderson
Circuit Judge

---

[5] An exception to the mootness rule applies for issues that are "capable of repetition, yet evading review." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 735 (2008) (internal quotation marks omitted). Such a situation is not presented here, however, where there is no allegation that, should the IRS sue Goldston over tax liability in the future, such action would evade review.