> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2015[*]
Decided May 11, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-3291

| | |
|---|---|
| MIYKAEL MUHAMMAD, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 14-2081 |
| JOHN BROOKS MOORE, *et al.*, <br> *Defendants-Appellees*. | Harold A. Baker, <br> *Judge*. |

### O R D E R

This case began as three separate federal suits filed by Miykael Muhammad against a total of 20 defendants—including, among others, the University of Illinois, the University's police department, and officials of both entities. Muhammad asserted in his complaints that the defendants, acting in conspiracy, violated the federal constitution,

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

contravened federal and state statutes, and committed state torts against him. The district judge consolidated the three suits, and Muhammad submitted a single amended complaint against all of the defendants. The judge dismissed the complaint at screening, *see* 28 U.S.C. § 1915(e)(2), concluding that for several reasons Muhammad's claims were legally barred. Ignoring the district court's reasons, on appeal Muhammad raises arguments about recusal, venue, and the Seventh Amendment. Because those arguments are meritless, we affirm the district court's judgment.

Shortly after filing his suits in early 2014, Muhammad moved for the district judge to recuse himself and to change the suit's venue. Citing 28 U.S.C. § 455, he contended that the judge's "impartiality [was] in question" because the judge had received two degrees from the University of Illinois and had previously taught at the University as an adjunct professor. Muhammad did not explain why he wanted venue changed. The judge denied Muhammad's motion. In declining to recuse himself, the judge explained that 60 years had passed since he had received his degrees and that he "has no existing ties or obligations to the faculty or administration of the University." The judge did not analyze Muhammad's unexplained request to change venue.

After the consolidation of his suits, Muhammad amended his complaint, attaching records that he had recently obtained, consisting mostly of incident reports from the University's police department. Several reports describe events from 2004. Back then, according to one report, the head of the Student Organization Office had complained to University police that Muhammad (a former student at the University's Urbana–Champaign campus) was pressuring student organizations to host events that he could run for his own profit in violation of University policy. After receiving this complaint, the police department suspected that Muhammad was trying to defraud the University. Together with the Champaign County State's Attorney, law enforcement began investigating him. According to other incident reports from this period, the State's Attorney subpoenaed Muhammad's student records and learned that he had written a bad check for $1,690 to the University in 2001 to clear the debt of a student group that he wanted to front an event for him. After learning of the bad check, the State's Attorney subpoenaed Muhammad's bank records and discovered that he had written the check on a bank account that was closed. Muhammad was charged with committing a deceptive practice by writing a bad check with the intent to defraud the University, *see* 720 ILCS 5/17-1(B)(d) (2000), but the charge was dropped later in 2004.

The remaining police reports describe events from 2008 and 2010. A member of the University community complained to the police department in 2008 that Muhammad "was harassing her." And a 2010 report says that—because of Muhammad's history of causing disturbances on campus and the concerns of University staff that he would disrupt student events—the University issued a trespass notice to Muhammad. *See* 720 ILCS 5/21-3(a)(2) (2010). (A copy of the notice was also included as an exhibit to Muhammad's amended complaint.)

In his amended complaint, Muhammad charged that these and related actions by University personnel violated 42 U.S.C § 1983 and other laws. Specifically, he contended that, by investigating him back in 2004, University employees "broke into his bank account," violated his constitutional rights through a subpoena of his bank records, and unlawfully placed a hold on his student account in 2006. He further asserted that the persons at the University who reported him to the police defamed him and that in 2011 he was unjustly prevented from entering University property. Muhammad additionally claimed that the University's handling of his student records violated the Freedom of Information Act, *see* 5 U.S.C. § 552, the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and the Illinois School Student Records Act, 105 ILCS 10/1 et seq. Finally, Muhammad asserted that the statute of limitations was tolled on all of his claims because, he said, University officials had fraudulently concealed information from him.

The district judge dismissed Muhammad's suit. With respect to the § 1983 claims, the judge concluded that the claims failed for several reasons. To begin with, the University and its police department were not "persons" suable under the statute. Also, any claims against supervisory officials could not proceed because nothing in the complaint suggested that those officials directed any of the purportedly wrongful actions. And claims against the non-supervisory defendants were barred by the two-year statute of limitations that governs § 1983 suits arising in Illinois. The judge rejected Muhammad's attempt to invoke tolling because he did not allege that he had exercised due diligence to learn of his claims, nor did he allege with particularity how the University had committed fraud, *see* FED. R. CIV. P. 9(b). Finally, the judge rejected Muhammad's attempt to assert other statutory and common law claims. The judge explained that the claim under the Freedom of Information Act failed because the act applies only to federal, not state, agencies. *See Union Leader Corp. v. U.S. Dep't of Homeland Sec.*, 749 F.3d 45, 56 n.8 (1st Cir. 2014). The judge dismissed the claim under the Family Educational Rights and Privacy Act on the ground that the statute does not confer a

private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002). And the judge relinquished jurisdiction over the remaining supplemental state-law claims.

On appeal, Muhammad does not attempt to refute the district judge's reasons for dismissing his suit. Instead, his three principal arguments appear to be that the district judge improperly refused to recuse himself, erred by never explicitly ruling on his motion to change venue, and violated the Seventh Amendment by dismissing his suit. We reject all of these arguments.

We start with the motion for recusal. Muhammad cited 28 U.S.C. § 455 in his recusal motion but did not state whether he was relying on subsection (a) or (b) of that statute. To the extent that his motion was invoking subsection (a)—which requires recusal when a judge's "impartiality might reasonably be questioned," *id.* § 455(a)—he is precluded from challenging the district judge's ruling because the denial of a motion under § 455(a) can be challenged only by immediately petitioning for a writ of mandamus, which Muhammad did not do. *See United States v. Johnson*, 680 F.3d 966, 979–80 (7th Cir. 2012); *United States v. Diekemper*, 604 F.3d 345, 351 (7th Cir. 2010). Muhammad may have been relying on § 455(b)(1), which provides that a judge must recuse himself from a proceeding "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). But to disqualify a judge under this provision, the party must prove bias "by compelling evidence" and "[t]he bias or prejudice must be grounded in some personal animus or malice that the judge harbors . . . of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (internal quotation marks omitted). Muhammad's asserted bases for recusal—that the judge got two degrees from the University 60 years ago and formerly taught there as adjunct faculty—fall far short of meeting this standard.

We also reject Muhammad's contention that the district judge erred by denying without analysis Muhammad's motion to change venue. The motion was frivolous: As the plaintiff, Muhammad had *chosen* the venue by filing suit in the Central District of Illinois, and his motion provided no reason warranting a change of venue. *See In re IKO Roofing Shingle Prods. Liab. Litig.*, 757 F.3d 599, 601 (7th Cir. 2014) (noting that venue rules "give[] plaintiffs a right to proceed in their chosen forum"). Anyway, if Muhammad wanted to change venue, he could have simply moved to dismiss his suit voluntarily and paid the fee to refile in another, appropriate venue. *See* FED. R. CIV. P. 41(a); *Netwig v. Georgia-Pacific Corp.*, 375 F.3d 1009 (10th Cir. 2004).

Muhammad next contends that, by dismissing his suit, the district judge violated his right to a jury trial under the Seventh Amendment. But a proper dismissal of a suit because it is legally insufficient or barred does not violate the Seventh Amendment. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 n.15 (7th Cir. 2009); *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir.), *cert. denied*, 135 S. Ct. 754 (2014). And as we have already observed, Muhammad does not challenge the validity of the district judge's legal grounds for dismissing the suit.

Muhammad's remaining arguments object to statements in the district judge's order of dismissal, but the arguments go nowhere. He maintains that the judge should not have referred to him by the name Michael Gardner (a name that is in the University records that he submitted but one he says he no longer uses) and that the judge should not have referred to him as an "African-American" (Muhammad states that he is an "Indigenous American Man of the Cherokee-Choctaw and Tamazight, Moroccan descent"). He also objects to the judge's comment that he had written a bad check in the amount of $1,690 (Muhammad says that he does not recall writing the check). These objections all concern statements that preceded the district court's judgment but do not implicate the validity of the judgment, which is the only subject of our review. *See Rhodes v. Dittman*, 2015 WL 1637623, at *6 (7th Cir. April 14, 2015). We have considered Muhammad's other arguments and conclude that they lack merit.

AFFIRMED.